# MARY A. LAKE
## v.
# L. C. PAINE FREER.

1. CONTRACT—PROPOSITION AND ACCEPTANCE.—Where the holder of certain mortgage notes wrote the owner of the land, proposing to take a deed of the premises, pay the taxes, and hold the property for three years for the benefit of the debtor, or owner, if the latter would execute a deed, deliver up title papers and surrender possession, and such proposition was accepted and fully executed by the debtor, the proposition became a written contract, supported by a good consideration.

2. PAROL EVIDENCE TO VARY WRITING.—The written proposition having been accepted and acted upon, it created a contract in writing which could not be varied by parol, neither could parol evidence of what the writer *intended* by his proposition be admitted.

3. DECLARATION OF TRUST.—A written proposition from a creditor to a debtor, requesting the execution and delivery to him of a deed of the mortgaged property and title papers, and surrender of possession, and also stating, "I shall consider myself honorably bound, if anything can be made out of the property during the next three years, more than the interest, taxes, insurance and repairs, to give Mrs. Lake the benefit of it," when such proposition is accepted by the debtor, constitutes a valid and binding declaration of trust, and such trust may be declared and enforced in equity.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed November 29, 1882.

This was a bill in equity brought by appellant, Mary A. Lake against the appellee, L. C. Paine Freer, for the enforcement against the latter of a special trust declared by him in writing, in reference to certain real estate situate in the city of Chicago, and particularly described in said bill. The material facts set out in the bill and shown by the evidence, are, that May 27, 1878, the appellant was the owner of the equity of redemption in said premises, which were subject to an incumbrance created by a former owner of the name of Gilbert, by means of promissory notes secured by a trust deed of said premises, on which at the time aforesaid there was due and unpaid about the sum of $3,300; that appellant had become the owner of said premises subject to said incumbrance, and which

Lake v. Freer.

she had assumed to pay; that at the time aforesaid, the appellee was the owner and holder of said notes which were about maturing; that appellant being unable to sell the premises, on account of the then hard times, and not having the ready means with which to pay off said incumbrance at its maturity, and the appellee having given appellant notice that he should insist upon prompt payment of said indebtedness at maturity, did, in the fore part of said 27th of May, have some negotiations through her husband, D. J. Lake, with appellee, respecting said matters, wherein the parties partially agreed orally upon terms of compromise, or adjustment of the same, though not fully; that afterward, and on the same day, appellee having prepared a deed of the premises to be executed to him by appellant and her husband, sent the same to the latter, inclosed in a paper signed by appellee, which is as follows:

"Chicago, May 27, 1878.

"Mr. and Mrs. D. J. Lake:

"I have drafted a deed of the Gilbert property in conformity with a conversation had to-day with Mr. Lake, which you will find herewith inclosed. I am sorry to be troubled with the property, or to have you lose anything by it. There are two taxes against it, the taxes of 1878, and an old city tax. These taxes I will pay and all other taxes, and I repeat what I said before to Mr. Lake, I shall consider myself honorably bound, if anything can be made out of the property during the next three years, more than the interest, taxes, insurance and repairs, to give Mrs. Lake the benefit of it. This has been my uniform course in similar cases. In the meantime I shall expect the rent from the 1st of June, and your title papers and abstracts of title. Please execute the deed and send to me.

"1st. Fill the christian name of Mrs. Lake.

"2d. Your place of residence and acknowledge.

"Yours truly,

"L. C. P. Freer.

"P. S.—I could collect my debt without difficulty of the makers and guarantors of the notes, but I do not wish to give

any one more than the inevitable troubles these hard times.

"L. C. P. F."

It appears that this proposition was accepted by appellant, the deed was executed and delivered, together with the title papers and abstract of title belonging to appellant, and the appellee put in possession of the premises, in conformity with the terms of said proposition so made by appellee. It further appears that appellee in about a month after obtaining such conveyance, etc., from appellant, as aforesaid, sold and conveyed the premises without any notice to appellant or her husband, to one Gage, who, so far as the evidence shows, was a *bona fide* purchaser, without notice of appellant's right in said premises; it further appears that appellant introduced evidence which tended to, and did show, that during the three years next succeeding the said transactions of the 27th of May, 1878, the premises in question appreciated in value and that with proper management for said period, they, with the rents accruing therefrom, could have been made to produce considerably more than sufficient to pay said incumbrance and the interest thereon, together with the taxes, and reasonable expense of insurance and repairs.

Upon hearing upon pleadings and proofs, the court below found that the equities were with the defendant, and decreed that complainant's bill be dismissed with costs, from which decree she prosecutes this appeal.

Messrs. H. T. & L. HELM, for appellant; that a deed absolute on its face may be shown to be intended only as a security, and where an express agreement is shown that such a deed is intended to create a charge upon the estate, a trust is created, cited 4 Kent's Com. 142; 2 Story's Eq. Jur. 1018; 2 Fonblanque's Eq. 263; Washburn on Real Property, 42; Delahay v. McConnell, 4 Scam. 156; Tillson v. Moulton, 23 Ill. 648; De Wolf v. Strader, 26 Ill. 276; Peckham v. Haddock, 36 Ill. 38; Price v. Karnes, 59 Ill. 276; Ruckman v. Alwood, 71 Ill. 155; Clark v. Fenlon, 90 Ill. 582; Kellerman v. Brown, 4 Mass. 144; Boyd v. McLean, 1 Johns. Ch. 582; Hughes v. Edwards, 9 Wheat. 489; United States v. Sturges, 1 Paine, 525; Rev. Stat. Chap. 95, § 12.

Lake v. Freer.

The character of a transaction may be shown by parol evidence: Ferguson v. Sutphen, 3 Gilm. 547; Miller v. Thomas, 14 Ill. 431; Ruckman v. Alwood, 71 Ill. 155; Nat. Life Ins. Co. v. Webster, 83 Ill. 470; Wright v. Bates, 13 Vt. 349; Patchin v. Pierce, 12 Wend. 61.

The fact that the grantor was financially embarrassed and in danger of losing the property, is a circumstance to be considered in this case: Miller v. Thomas, 14 Ill. 431; Preschbaker v. Feaman, 32 Ill. 475; Snyder v. Griswold, 37 Ill. 216; Ennor v. Thompson, 46 Ill. 214; Davis v. Hopkins, 15 Ill. 519.

Generally as to the right to recover: 2 Washburn on Real Property, 56; Palmer v. Gurnsey, 7 Wend. 248; Gillis v. Martin, 2 Dev. Eq. 470;

The complainant has the right to redeem: Price v. Karnes, 59 Ill. 276; Ennor v. Thompson, 46 Ill. 214; Reigard v. McNeil, 38 Ill. 401; Dwen v. Blake, 44 Ill. 135; Willetts v. Burgess, 34 Ill. 494; Tennery v. Nicholson, 87 Ill. 464; Washburn on Real Property, *496.

Mr. FRANK J. CRAWFORD, for appellee; that a deed absolute on its face will not be regarded as a mortgage, unless it clearly appears to have been so intended at the time of its execution, cited Sharp v. Smitherman, 85 Ill. 153; Clark v. Finlon, 90 Ill. 245; Robinson v. Cropsey, 2 Ed. Ch. 143; Galt v. Jackson, 9 Ga. 151.

The deed in question was not given in *security* for a debt but an extinguishment of a debt, and notwithstanding the written agreement the conveyance is not a mortgage but a deed: Baker v. Thrasher, 4 Denio, 495; Macaulay v. Porter 71 N. Y. 179; Jones on Mortgages, § 267; Montgomery v. Spect, 55 Cal. 352.

The question of merger of the debt in the superior title by deed is one of intention: Campbell v. Carter, 14 Ill. 290; James v. Johnson, 5 Johns. Ch. 417.

McALLISTER, J. We think the evidence shows that the sole consideration for the execution by the appellant, Mrs. Lake, to the appellee, Freer, of the deed by appellant and her hus-

band to the appellee, and the delivery to the latter of appellant's abstract of title to the premises in question, was the stipulation or undertaking, on the part of appellee, contained in the writing signed by him, which he sent to and submitted to appellant with the draft of the deed, which he proposed to have appellant and her husband execute to him. Whether such proposed stipulation or undertaking, on Freer's part, was the sole consideration for the execution of such deed and the delivery of the abstract by Mrs. Lake to him or not, it is clear that the proposition continuing, and being accepted by Mrs. Lake by executing the deed, and delivering over to Freer, with such deed, the abstract of title, and putting the latter in possession of the premises in pursuance of the terms of such writing, the matter thereby ripened into a contract on the part of Freer, embracing just the terms contained in said written proposition, so as to become a written contract on his part, which was supported by a good, valid, and sufficient consideration.

We are further of the opinion that such written proposition, when so accepted, constituted a valid and binding declaration of trust on the part of appellee; that by it he made himself trustee for appellant, under a special or qualified trust; and that such trust may be declared and enforced by a court of equity, because it is in every respect created and manifested in accordance with the requirements of the law, and is based upon a good and sufficient consideration. Some observations have been made against this view by the court below and appellee's counsel here, on account of the forms in which appellee expressed his undertaking. It is this: "I shall consider myself *honorably* bound, if anything can be made out of the property during the next three years, more than the interest, taxes, insurance and repairs, to give Mrs. Lake the benefit of it. This has been my uniform course in similar cases." It is said that the expression " *honorably* bound " shows that appellee did not intend to bind himself *legally* to retain the property for three years; and the court below permitted appellee to testify that he had no intention of so binding himself by such writing.

Lake v. Freer.

It seems to us that it would be introducing into equity jurisprudence a somewhat novel doctrine, to hold, that although confidence reposed is of the very essence of every express trust, that although such trust be founded upon a valuable consideration actually received by the person declaring it from the beneficiary, yet, if the person so declaring it shall go so far, in his declaration of the trust, as to expressly pledge his *honor* to its faithful performance, that will so loosen and relieve his *conscience*, that no duty will attach of which a court of conscience can take cognizance. That some such doctrine is struggling for recognition in this progressive age is quite probable, since we find that the appellee in this case, who, it is said, is a lawyer of long standing and great ability, as well as experience, actually sold and conveyed away the premises in question within a month after he thus pledged his honor to keep and manage them for three years (in view of a probable appreciation of their value), for the appellant's benefit, but in total disregard of her supposed rights therein. We do not, however, hesitate to say that such a doctrine as that will have to struggle hard and long before it can receive the sanction of this court.

The trust here having been declared by writing signed by the party who was enabled to declare such trust, we are of opinion that it was improper to admit parol evidence to contradict the intention expressed upon the face of the instrument itself; for that was to allow parol evidence to vary, contradict or annul a written instrument. Perry on Trusts, 1st Ed. Sec. 76, and cases in note 10.

The court below declined to hold that such written instrument amounted to a declaration of trust, which could not be varied, contradicted or annulled by parol evidence; but on the contrary permitted the appellee to give parol evidence to contradict the intention expressed upon the face of the instrument itself, thereby virtually annulling its effect, and thereupon found the equities for the defendant below, and dismissed complainant's bill with costs. Being of the opinion that the court below erred in so ruling, we must reverse the decree and remand the cause with directions to the court below to enter a

decree establishing such written instrument as a valid declaration of trust on the part of the defendant below, whereby he constituted himself the trustee of complainant under the qualified trust expressed therein, and which trust should be carried into execution in accordance with the intention manifested on the face of said instrument, so far as it is practicable under the circumstances of the case so to do. But if the defendant had incapacitated himself from executing such trust, by selling and conveying away said premises soon after said declaration of trust became operative, and in violation of such trust, then he should be decreed to make compensation to complainant upon equitable principles.

Decree reversed.